Filed 12/2/21  P. v. Gosal CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093052 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F07142 ) |
| v. | |
| GURPREET GOSAL, | |
| Defendant and Appellant. | |

Defendant Gurpreet Gosal appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.  Defendant contends the trial court erred in summarily denying his petition after determining he failed to establish a prima facie case under the provisions of the statute.  He contends the trial court should have issued an order to show cause and allowed his petition to proceed for full consideration on its merits, and the People concede the error.  We will remand the case for further proceedings.

1

FACTUAL AND PROCEDURAL BACKGROUND

A. *Defendant's Case*

In 2013, a jury found defendant guilty of second degree murder and found true that he used a firearm in the killing. (Pen. Code, §§ 187, subd. (a) & 12022.53, subds. (b)-(c).)[1] The jury found not true that defendant personally used a firearm and thereby caused the victim's death. (§ 12022.53, subd. (d).) The trial court sentenced defendant to 35 years to life in state prison. We affirmed the judgment on appeal. (*People v. Gosal* (June 9, 2015, C075458) [nonpub. opn.] (*Gosal*).)

A detailed recitation of the underlying facts is set forth in our prior opinion in this case. (*Gosal, supra*, C075458.) In short, the victim was killed while defendant was attending a festival with a friend. At trial, defendant argued he and his friend were attacked by a group of men at the festival, and he fired a gun at the ground in self-defense. In contrast, the prosecution presented evidence that defendant and his friend approached the victim and some friends at the festival, yelled at them, and then pulled guns and shot at them. Defendant and his friend tried to run away when they ran out of ammunition, but the group prevented their escape. The victim died at the scene, and another member of the group was seriously wounded. (*Gosal, supra*, C075458 [at pp. 2-4].)

B. *Defendant's Petition*

In 2019, defendant filed a form petition for resentencing under section 1170.95. In the petition, defendant declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he was convicted of first degree or second degree murder under the felony-murder rule or the natural and

---

[1] Undesignated statutory references are to the Penal Code.

2

probable consequences doctrine, and that he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. He requested that the court appoint him counsel.

The trial court appointed counsel and received briefing from the parties, including exhibits of the jury instructions given. The instructions included (1) CALCRIM No. 401, on direct aiding and abetting, (2) CALCRIM No. 403, on the natural and probable consequences doctrine for murder, (3) CALCRIM No. 520, on malice aforethought murder based on express and implied malice, and (4) CALCRIM No. 521, on first degree murder based on a willful, deliberate, premeditated killing. The instruction on implied malice included an instruction that the jury could find implied malice if defendant committed an act "[t]he natural and probable consequence" of which was dangerous to human life.

In September 2020, the trial court denied defendant's petition and declined to issue an order to show cause, finding that defendant had failed to state a prima facie case for relief. The trial court acknowledged that the jury had been instructed on the natural and probable consequences doctrine, but reasoned our opinion in *Gosal* "supports the conclusion by this court at this time that, as a matter of law, the evidence presented at trial was sufficient for the jury to have found, beyond a reasonable doubt, that [defendant] committed the second degree murder based solely on a theory of express or implied malice aforethought as either the direct killer or an aider and abettor." Although the jury had acquitted defendant of first degree murder, the trial court reasoned this did not mean the jury necessarily rejected a theory of express malice for the murder, since the jury may have rejected premeditation or deliberation. The trial court continued: "The evidence at trial was sufficient for the jury to have found, beyond a reasonable doubt, that [defendant and his friend] obtained an arsenal of ammunition, then took the guns to the festival with the intent to confront the [victim], but had not pre-planned to actually shoot but chose to shoot once they confronted the victim and had no response, then shot to kill. That could

3

explain the second degree rather than the first degree murder verdict based on this evidence.  Also, it appears that the jury could not decide whether it was [defendant's gun or his friend's gun] that fired the fatal shot, which would explain the not true finding on the [section 12022.53, subdivision (d)] enhancement. . . .  The query at this stage of the proceeding is whether [defendant] has set forth a prima facie case that defendant 'could not' be convicted of second degree murder without sole reliance on the natural and probable consequences doctrine; the answer is that he has not, because the Third District's opinion on the appeal, coupled with the trial evidence, shows beyond a reasonable doubt that a jury could—and did—convict defendant of the murder without need for reliance on felony murder or the natural and probable consequences doctrine."

## DISCUSSION

Defendant contends the trial court erred in summarily denying his petition, even though he properly alleged a prima facie basis for relief, because there was a possibility his conviction was premised on a natural and probable consequences theory.  According to defendant, whether defendant was the actual killer could not be determined as a matter of law on the record before the trial court, especially given the jury's inability to find that defendant was the actual shooter (as shown via its not true finding on the section 12022.53, subdivision (d) gun enhancement).  The People agree the trial court "made its decision too soon in the process and should have issued an order to show cause."  We agree with the parties.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)

4

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

As relevant here, once a complete petition is filed, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the

5

court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . .  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)  Our Supreme Court recently clarified that section 1170.95, subdivision (c) requires only a single prima facie showing and entitles the petitioner to the appointment of counsel upon the filing of a facially sufficient petition. (*People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).)  Once the court has appointed counsel and received briefing from the parties, it may rely on the record of conviction in determining whether that single prima facie showing has been made.  (*Id*. at p. 971.)  The record of conviction includes a prior appellate court opinion, although such an opinion may not supply all necessary answers.  (*Id*. at p. 972.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited."  (*Lewis, supra*, 11 Cal.5th at p. 971.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at p. 972; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*).)

"Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' "  (*Lewis, supra*, 11 Cal.5th at p. 971; see also *Drayton, supra*, 47 Cal.App.5th at p. 978.)  Once the trial court issues an order to show cause, it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subdivision (d) unless the

6

parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2); *Drayton*, at pp. 980-981.)

Although a court should not reject a petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing (*Lewis, supra*, 11 Cal.5th at p. 971), the court need not credit factual assertions that are untrue as a matter of law (*Drayton, supra*, 47 Cal.App.5th at p. 980). Thus, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, at p. 971; *Drayton*, at p. 979.)

Here, defendant stated in his declaration that he was convicted of second degree murder under the natural and probable consequences doctrine, which would not have supported a murder conviction after the changes to sections 188 and 189. The record of conviction does not dispute this statement as a matter of law. While it is possible that defendant was convicted on a theory of liability that is still permissible under sections 188 and 189, the mere existence of that possibility does not make defendant ineligible for relief as a matter of law. The evidence supporting defendant's conviction on a valid theory does not mean the record conclusively establishes the jury actually relied on that theory, nor does it establish that the jury did not rely on a now invalid theory. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 814-815.) As such, it was erroneous for the trial court to weigh the evidence to conclusively determine which theory of liability the jury had used to find defendant guilty. (*Drayton, supra*, 47 Cal.App.5th at p. 980.)

Construing the facts in favor of defendant, the petition fulfilled the requirements for relief in section 1170.95, subdivision (a), and the trial court should have issued an order to show cause for an evidentiary hearing. (*Drayton, supra*, 47 Cal.App.5th at pp. 982-983.) We will reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under section 1170.95, subdivision (c), and hold a hearing under section 1170.95, subdivision (d). We express no opinion about

7

whether defendant is entitled to relief following the hearing.  However, we note that, at the 1170.95(d) hearing, the trial court must determine defendant's guilt on each element of a still valid theory of murder beyond a reasonable doubt.  (See, *e.g.*, *People v. Fortman* (2021) 64 Cal.App.5th 217, 226 review granted July 21, 2021, S269228; *People v. Lopez* (2020) 56 Cal.App.5th 936, 949, review granted Feb. 10, 2021, S265974.)

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed.  The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under section 1170.95.


                                        \s\
                                        BLEASE, Acting P. J.



We concur:



        \s\
DUARTE, J.



        \s\
HOCH, J.


8